

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No. 16-25438-TJC |
| Kamal Mustafa | * | Chapter 13 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF DECISION

Debtor Kamal Mustafa files this motion to reopen the bankruptcy case. ECF 259. His sole ground is that "[s]ome of the debtor's creditors taken [SIC] action against the Debtor in violation of the Bankruptcy Code. This includes Discharge violations." *Id.* In light of the Debtor's long history of initiating frivolous litigation during this case, the Court will deny his request, but will allow him to refile the motion and establish, if he can, that he has grounds to assert the claims to which his motion refers.

I.

The Debtor filed this Chapter 13 on November 22, 2016, commencing case number 16-25438. ECF 1. His Chapter 13 plan was confirmed on September 18, 2017. ECF 126. The Debtor had three parcels of real property sold at foreclosure before he filed the petition. Therefore, the plan did not address secured claims and only included unsecured claims. ECF

1

111. The Debtor completed his plan payments, received a discharge, and the case was closed on March 1, 2022. He filed the motion to reopen the case soon thereafter. ECF 259.

Throughout the case, the Debtor has repeatedly engaged in frivolous litigation. The following examples are sufficient to provide support for the foregoing finding. The Court emphasizes the following are examples only and are not an exhaustive list of the Debtor's abusive filings.

Early in the case, the Debtor filed a secured proof of claim on behalf of a creditor who had foreclosed on his property prior to the petition. The Court sustained the objection, stating "this Order is hereby only applicable and valid related to the present bankruptcy case, and makes no ruling as to the lien or arguments presented." ECF 121. The Debtor then sought to use the disallowance to invalidate the creditor's lien, retroactively to prior to the foreclosure sale. By order entered on October 30, 2017, the Court summarized the Debtor's arguments and explained why they were frivolous:

> The debtor appears to argue, as he argued in connection with a different property that was also the subject of foreclosure, that the effect of the order disallowing the claim is to somehow invalidate any lien that secured the note entitling him to get his property back. This, of course, is a frivolous argument and is not the law. An order disallowing a secured claim simply disallows the claim and does not invalidate or affect the lien. The claim was disallowed as a secured claim because the foreclosure sale had occurred and there is no property of the estate that secures the claim. Moreover, the claim is not treated in the plan. [The creditor] chose not to pursue its unsecured claim, if any. The order of disallowance has no effect on the creditor's lien position.

ECF 147.

In yet another frivolous filing, the Debtor filed a motion to strike a deed of trust as a way of invalidating a prepetition foreclosure sale. In an order entered on November 8, 2018, the Court explained that there was no basis for the Debtor's contention:

> In the Motion, Mr. Mustafa seeks to strike the Bank's deed of trust. Neither the Bankruptcy Code nor the Bankruptcy Rules recognize any claim or cause of action that allows a party to seek to strike a deed of trust by motion. The only way for this court to determine the validity of a lien is through an adversary proceeding. Fed. R. Bankr. P. 7001((2). *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995). For that reason alone, the Motion is denied.
>
> However, the gist of Mr. Mustafa's argument is that the deed of trust became invalid and the loan became unsecured before the Bank foreclosed on the Property. He argues, therefore, that the foreclosure sale was improper. Because Mr. Mustafa has made numerous filings that were procedurally or substantively deficient, the court will address the merits of his claims to perhaps save the time and resources of the parties and the court in anticipation of future filings. *See e.g.*, ECF 21, 22, 25, 26, 48, 49, 55, 64, 65, 89, 90, 94, 97, 102, 103, 107, 112, 113, 121, 123, 135, 137, 140, 141, 143, 147, 155. Stated otherwise, even if Mr. Mustafa had brought an adversary proceeding, the outcome would not be different as the claims he asserts are meritless.

ECF 159 at pp. 2-3.  The Court went on to address the Debtor's arguments and explain why his motion to strike was unavailing.

Almost four years into his bankruptcy case, the Debtor removed a six-year-old state court foreclosure action from the Circuit Court for Montgomery County, Maryland, Case No. 382477V, initiating Adversary Proceeding No. 20-00245.  He then filed a motion to dismiss the action, attempting to terminate the state court foreclosure case through that process.  By order entered on November 20, 2022, the Court remanded the action back to the Circuit Court stating "[t]his court has previously admonished the Debtor Kamal Mustafa, appearing without counsel, from engaging in bad faith and vexatious litigation. Despite that admonition, almost four years into his bankruptcy case, the Debtor removed a six-year-old state court foreclosure action from the Circuit Court for Montgomery County, Maryland."  ECF 32 in Adv. Proc. 20-00245.  The Debtor appealed the order remanding the case and the United States District Court for the District of Maryland affirmed the remand.  ECF 44 in Adv. Proc. 20-00245.

Undeterred by the Court's admonishment, on February 23, 2021, the Debtor removed a second foreclosure action to this court from the Circuit Court for Montgomery County, Maryland, Case No. 382518V, initiating Adversary Proceeding No. 21-0047.  By the Debtor's own description, he acquired or created an entity that had a similar name to a party to the proceeding and sought to exercise rights in the name of that party.  *See* ECF 1 at p. 6, Adv. Proc. 21-00047.  The Court again remanded the action to the Circuit Court, stating:

> This is the third time debtor has removed a foreclosure proceeding from the Circuit Court to the federal court in Maryland. As explained further below, in 2015, debtor removed *this same proceeding* to the United States District Court for the District of Maryland. There, Judge George J. Hazel of the U.S. District Court remanded the matter back to the Circuit Court explaining to the debtor why the matter could not go forward in federal court. The debtor removed a different foreclosure proceeding to this court on July 31, 2020. Similar to the Foreclosure Action, that case had been pending in the Circuit Court for six years. In remanding the case, the court explained why this court lacks subject matter jurisdiction over the foreclosure proceeding, and further explained that, even if jurisdiction existed, the court would certainly abstain from resolving a foreclosure proceeding. The court also admonished the debtor from engaging in bad faith and vexatious litigation.
>
> Despite that admonishment and clear explanation of why removing a foreclosure proceeding in not proper, debtor filed the Notice and seeks to remove the Foreclosure Action.

ECF 24, pp. 1-2 in Adv. Proc. 21-00047 (emphasis in original).  The Debtor appealed the order remanding the case and the United States District Court for the District of Maryland affirmed the remand.  ECF 39 in Adv. Proc. 21-00047.

On March 25, 2021, the Court issued an order for the Debtor to show cause why he should not be sanctioned for three times removing foreclosure actions to federal court.  ECF 25 in Adv. Proc. 21-00047.  The Court pointed out that the Debtor removed a foreclosure action "most recently after both this court and the United States District Court for the District of Maryland explained to him in memoranda of decisions why removal of a foreclosure proceeding to federal court is not proper." *Id.* at pp. 1-2.  The Court issued the show cause order to allow the

4

Debtor to address whether his filings violated Fed. R. Bankr. P. 9011. *Id*. After the Debtor responded, the Court dissolved the order, considering that the case was nearing an end and expecting perhaps that the order itself would dissuade the Debtor from further filings.

The order to show cause did not deter the Debtor. He next filed a motion requesting leave of court to file a motion requesting JP Morgan Chase to comply with Local Bankruptcy Rule 4001-3. *See* ECF 256, in Case No. 16-25438. The Local Rule provides that

> (a) A party obtaining relief from the automatic stay and thereafter consummating a foreclosure sale on real property in Maryland must:
>
> (1) Provide a copy of the Report of Sale and all Auditor's Reports to the bankruptcy trustee; and
> (2) When filing the Report of Sale in a case under Chapter 7, Chapter 12, or Chapter 13, notify the Auditor of the name and address of the bankruptcy trustee.

The Court stated the Debtor's "claim is frivolous. L. Bankr. R. 4001-3 does not apply." ECF 256 at p. 3. The claim was frivolous because (1) Chase did not obtain relief from the automatic stay and "thereafter" consummate a foreclosure sale as required by the Rule; the sale, ratification and recordation of the trustee's deed all occurred prepetition; (2) no purpose would be served by applying the Rule because the estate did not have any interest in the property when the petition was filed; (3) the Debtor was sent a copy of the Report of Sale and Auditor's Report; (4) in any event, the Report of Sale and Auditor's Report[1] had been submitted into the record. ECF 256. Although the Court stated the claim was frivolous, the Court did not take further action against the Debtor, stating:

> This Court has previously admonished the debtor against filing frivolous actions. See e.g., ECF 218. The instant motion and the various filings that have resulted from it fall squarely within that category. The debtor has completed his plan payments in this 5-year-old case and the case is ready to be closed upon resolution of this pending motion. Accordingly, the Court will not issue an order prohibiting

---

[1] ECF 233-1 at p. 2.

5

>the debtor from making further frivolous filings. But it does so only because the case is at an end.

*Id.* at 1. The bankruptcy case was closed soon after the order was entered.

## II.

It is against this history of frivolous filings that the Court addresses the Debtor's motion to reopen the bankruptcy case.

A motion to reopen a bankruptcy case is governed by §350 of the Bankruptcy Code. That section provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). The bankruptcy court has broad discretion whether to reopen a case. *See e.g., Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984) ("[§350(b)] is phrased in permissive language, and we think, it would do violence to the statute either to say that a closed case must be reopened or that a closed case may never be reopened."). A bankruptcy court may, as examples, justify reopening a case to modify a plan of reorganization, determine the validity of a lien, grant the debtor a discharge, or allow a debtor to file a motion to avoid a lien. *See* 3 Collier on Bankruptcy §350.03 (16th ed. 2016). Courts have declined to reopen a case when, among other reasons, the issues the debtor wishes to litigate have been already litigated or additional litigation would be futile. *See, e.g., Thompson v. Virginia (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994) (affirming denial of a motion to reopen where the debtor sought to discharge a non-dischargeable debt); *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538 (8th Cir. 2005). Under this standard, a bankruptcy court has the discretion to decline to reopen a case where a vexatious debtor fails to establish that he has legitimate bankruptcy claims to pursue.

In his motion to reopen, the Debtor states only that "some" of his creditors have taken actions that violate the Bankruptcy Code, including the discharge injunction. In light of the

6

Debtor's filing history, this general, nonspecific statement does not warrant reopening the case. His actions have resulted in an excessive waste of time and added unnecessarily to the cost of this Chapter 13 case. The Debtor's request to reopen the case to make more filings is denied.

The Court, however, will not bar the Debtor from seeking to bring valid claims. Should the Debtor choose to go forward, he must file a motion to reopen the case that (1) identifies with specificity the creditor or creditors he contends violated the Bankruptcy Code; (2) identifies the specific Code provisions he claims have been violated; (3) states all relevant facts that support his claim with specificity, including date and times of specific actions; (4) attaches as exhibits all relevant documents; (5) is supported by his personal affidavit under penalty of perjury attesting to all relevant facts; and (6) is served on the allegedly offending creditor in accordance with Fed. R. Bankr. P. 7004.

Before making any submission, the Debtor should read carefully Federal Rule of Bankruptcy Procedure 9011. The Debtor has been warned and is now forewarned. Further frivolous filings will be addressed in the context of that Rule.

Finally, the record shows that the Debtor paid the fee to file the motion to reopen the case. The Bankruptcy Court Miscellaneous Fee Schedule issued in accordance with 28 U.S.C. §1930 provides that a debtor shall not be charged a fee for filing a motion to reopen a case based on an alleged violation of the discharge injunction. The Court will require the Clerk to refund the filing fee to the Debtor.

### III.

For the foregoing reasons, the Court will deny the Debtor's motion to reopen the case without prejudice and refund the motion filing fee to the Debtor. A separate order will follow.

cc:   Debtor
      Debtor's address

7

Chapter 13 Trustee
Office of United States Trustee
All parties in interest

**END OF MEMORANDUM OF DECISION**